The Lake Shore and Michigan Southern Railway Company

*v.*

The City of Chicago.

*Filed at Ottawa, June 19, 1894.*

1. Eminent Domain—*inability to agree with land owner.* The provision for condemnation, under article 9 of the City and Village act, is not *in pari materia* with the Eminent Domain statute, and section 2 of the latter act, making the inability to agree with the land owner upon

the compensation and damages to be paid for land taken and damaged, a jurisdictional fact, does not apply to the former act. The case of *Village of Hyde Park* v. *Borden*, 94 Ill. 35, holding that article 9 of the Village act is to be construed with section 2 of the Eminent Domain act, is not authority, it being overruled by *Chicago & Northwestern Ry. Co.* v. *Chicago*, 148 Ill. 141.

2.  SAME — *evidence of damages to property not taken.*  Where a city seeks to condemn a strip of land across the right-of-way and tracks of a railway company leading to its yard, used for storing, switching and making up trains, and the company files a cross-petition for damages to the land not taken for the street, and the evidence shows that in the use of such yards the operation of the company's switch engines will be retarded and hindered, and that it will require an increased expenditure of money daily to perform the same operations in handling and switching cars, making up trains, etc., now carried on, after the opening of the street, it is clearly competent for the company to call witnesses and have them approximate the average daily increased expenditure that will be caused to it, as tending to show damages to property not taken.

3.  SAME — *measure of compensation.*  In such a case, it is error to instruct the jury, "that the measure of compensation for the extension of the street across the right-of-way of the railway company is the amount of the decrease in the value of the use of the strip of land in question for railroad purposes, which will be caused by the use of said strip for the purposes of a street, such use for the purpose of a street being subject to the use of the railway company for railroad purposes." And it is also error to refuse to instruct, at the instance of the company, that it is "entitled to recover its just compensation, not merely for the strip to be so taken for the purposes of said street, but, in addition, such further sum, if any, as the evidence may show would justly compensate said company for the damages to its other property."

4.  In the same case the court, at the request of the defendant, instructed the jury to the effect, that, if the capacity of the defendant to transact its business, as existing at the time of filing the petition, as shown by the evidence, would be limited by reason of the opening of the street over its tracks, and the use thereof by the public, and that such limitation would result independently of police regulation, or delays rendered necessary by the common law duty of the defendant to operate and manage its engines and trains with due care and caution on approaching and passing over such street, defendant would be entitled to compensation for such limitation of capacity, and the jury should allow the defendant such sum as they may believe from the evidence would be just compensation therefor: *Held*, that this instruction by no means cured the error in the instruction given for the petitioner.

5. SAME—*damages to railroad property not taken.* Where, in a proceeding by a city to condemn a strip of land across the right-of-way and tracks of a railway company, and where a cross-petition is filed by the company to recover damages to other property, including land used as yards for the storage of cars, and for switching cars in making up its trains, it is error for the court to instruct the jury, that the measure of compensation to be allowed is the amount of the decrease in the value of the strip for the street, for railroad purposes, as tending to withdraw from the consideration of the jury the question of the damages to the property not taken.

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

This was a proceeding instituted by the City of Chicago, in the Circuit Court of Cook county, Illinois, to condemn 66 feet in width of appellant's right-of-way for the opening of 60th street from State street to Wentworth avenue in Chicago.

The petition was filed July 18, 1890, and alleges, that on the 27th day of January, 1890, the city council of the City of Chicago passed an ordinance providing that 60th street be opened from State street to Wentworth avenue. The petition gives the description of the property to be taken or damaged, and the names of the owners, and prays that such owners may be made defendants and summoned, and the land and property described, or so much thereof as may be necessary, may be condemned for the improvement specified in the ordinance, and that the just compensation for the property taken or damaged might be ascertained by a jury. Attached to the petition was a certified copy of the ordinance of the City of Chicago.

The description of the property, in so far as this respondent is concerned, is as follows:

The 66 feet south and adjoining the north line of lot 10, block 1, of Nichols & McKindley's subdivision, produced easterly across the Lake Shore & Michigan Southern R. R. right-of-way.

On the 20th day of January, 1891, appearance of appellant was filed.

On January 21, 1893, this appellant made its motion to dismiss the petition, assigning the following reasons:

1. The petition does not allege that the petitioner is unable to agree with appellant as to the compensation to be paid to it for the property sought to be taken or damaged in this proceeding.

2. The petitioner has no right under the statute to extend the said street as proposed in this proceeding.

3. The petition does not contain a sufficient description of the property sought to be taken in this proceeding.

But the court overruled the motion of the appellant, who then and there excepted.

On January 26, 1893, before trial, appellant made its further motion in writing to postpone the trial of the cause as to its property until petitioner shall show that an attempt was made, before the petition was filed herein by the City of Chicago, to agree with appellant as to the compensation to be paid appellant for the property taken or damaged, and that the court postpone the trial herein until petitioner shall have made such showing.

This motion was denied, and respondent was compelled to go to trial against its objection. Exception was then and there taken to this ruling of the court.

On the day last named, this cause was called for trial as to this appellant, and thereupon leave was given appellant to file its cross-petition.

The cross-petition of appellant sets forth, that appellant is a corporation duly organized for the transaction of a general freight and passenger business, with a main line extending from Chicago, Illinois, to Buffalo, New York, a distance of 540 miles, with various branches and leased lines, about 1,200 miles in all of main track. That its western terminus is in the City of Chicago.

That upon said right-of-way, and immediately south of the land proposed to be taken, it has a railroad yard with numerous side-tracks, turn-outs and switches, used for the storing of cars and the making up and distribution of trains; that in the making up of said trains of cars in said yard, or in distributing cars therein, it is necessary frequently and continually for locomotive engines handling said cars to pass back and forth across the land so proposed to be taken upon two of the tracks there, being called lead-tracks, of said yard, which lead-tracks extend across said land so proposed to be taken; said lead-tracks being the tracks over which all engines or cars must run which are destined to or from any of the said tracks or turn-outs in said yard; that the opening and use of said proposed street across its right-of-way and track will greatly interfere with and interrupt the use of said yard, and endanger the lives of the public generally, as well as its employés, and also its property and the property of the general public, and the value and capacity of said yard will be thereby greatly depreciated and diminished. Whereby it (appellant) is damaged $100,000.00. It, therefore, prays that its damages be assessed for the injury above complained of for the property not sought to be taken.

The verdict of the jury awarded one dollar as compensation in the case. Appellant made its motion for a new trial, which was overruled, April 13, 1893, and judgment rendered on the verdict. Appellant prayed and was allowed an appeal from this judgment.

Upon the trial, the petitioner and defendant offered evidence tending to show compensation that should be awarded for land taken, and damages to the property of defendant not taken. Other facts are sufficiently stated in the opinion of the court.

Messrs. Gardner & McFadon, and Mr. Pliny B. Smith, for the appellant:

The petition in the case should have been dismissed on appellant's motion, because no averment was contained therein that an effort to agree on damages had been made and such effort had resulted in an inability to agree on said damages. *Reed* v. *O. & M. Ry. Co.*, 126 Ill. 49; *Lieberman* v. *C. R. Transit Co.*, 141 id. 140; *Chaplin* v. *Highway Comrs.*, 129 id. 651.

It is true, that this proceeding is under article 9 of the general incorporation law of cities and villages, and the requirement that the effort to agree is in section 2 of the law relating to eminent domain, but these laws, being passed by the same legislature, going into force the same day, and relating to the same subject-matter, are *"in pari materia,"* and must be construed together. *Baber* v. *P. C. & St. L. R. R.*, 93 Ill. 342; *Village of Hyde Park* v. *Borden*, 94 id. 35; *Harwood* v. *City of Bloomington*, 124 id. 50.

Appellant's further motion, that appellant be not required to go to trial until proof be made by appellee that an effort so to agree with appellant had been made by appellee and failed, should have been allowed. *Lieberman* v. *Chicago Rapid T. Co.*, 141 Ill. 140.

Private property, under the Constitution of 1870, can neither be taken nor damaged for public use without just compensation.

A railroad's property is, as it were, *sui generis*, and for any crossing of a railroad company's right-of-way it may recover not merely damages to the strip actually taken, but if, in addition, its capacity to do business is limited as a result of such crossing, or if to do the same volume of business it must necessarily increase its expenses, it may also recover an equivalent for its losses of that kind as damages. *C. & W. I. R. R. Co.* v. *E. C. Ry. Co.*, 115 Ill. 375; *R. R.* v. *R. R. Co.*, 100 id. 21; *Peoria & P. Union Ry. Co.* v. *P. & F. Ry. Co.*, 105 id. 110.

The appellant was only obliged to prove its damages approximately, and not with precision and accuracy, and in not so telling the jury, the third instruction for appellant was misleading. *P. & P. U. Ry. Co.* v. *P. & F. Ry. Co.*, 105 Ill. 121.

Appellant was entilted to recover damages for the strip taken in view of any use to which any owner might put it in its then condition. *C. & N. W. Ry. Co.* v. *C. & E. R. R.*, 112 Ill. 608; *Beckett* v. *Midland Ry. Co.*, L. R., 3 C. P. 82.

Mr. Adolph Kraus and Messrs. Maher & Gilbert, for the appellee:

Appellant was not entitled to damages for delays in passing over the street, or for expenses in observing police regulations. *C. & A. R. R. Co.* v. *J. L. & A. Ry. Co.*, 105 Ill. 405; *I. C. R. R. Co.* v. *Chicago*, 141 id. 509, 586; *P. & P. Ry. Co.* v. *P. & F. Ry. Co.*, 105 id. 110; *C. & N. W. Ry. Co.* v. *Chicago*, 140 id. 309.

As to the measure of compensation and evidence to prove, see *C. & N. W. Ry. Co.* v. *C. & E. R. R. Co.*, 112 Ill. 609; *P. & P. U. Ry.* v. *P. & F. Ry. Co.*, 105 id. 111; *C. & E. R. R. Co.* v. *Jacobs*, 110 id. 414; *Reed* v. *O. & M. Ry. Co.*, 126 id. 48; *Hyde Park* v. *Dunham*, 85 id. 569; *Page* v. *C., M. & St. P. R. R. Co.*, 70 id. 324.

Mr. Justice Shope delivered the opinion of the Court:

It is insisted with great earnestness, that the motion to dismiss, etc., should have been sustained, because the petition contained no allegation that the petitioner had been unable to agree with the owners of land sought to be condemned, upon the compensation and damages to be paid for the land taken and damaged. The contention being, that the provision for condemnation, under art. 9, of the Cities and Villages act, is *in pari materia* with the eminent domain statute, and that, therefore, section 2 of the latter

act, making the inability to agree a jurisdictional fact (*Reed v. O. & M. Ry. Co.*, 126 Ill. 48), applies to proceeding under the former statute.   This question arose directly in *C. & N. W. Ry. Co.* v. *City of Chicago*, 148 Ill. 141; and was determined adversely to the contention of appellant.   It is chiefly important, that the rule be established, to the end that parties may conform to it in practice, and what was said in *Village of Hyde Park* v. *Borden*, 94 Ill. 35, apparently holding, that the acts were, in the respect indicated, to be construed together, is not to be regarded as authority. The motion, under the authority of the later case, to which we adhere, was properly overruled.

There was evidence offered under the cross-petition tending to show damages to the railway company, not only in the operation of the railway, but also to property not taken. The company was shown to own and be in use of a large switch yard, lying south of the proposed street, and that the "neck," as it is called in the evidence, of the switch tracks, necessary in the operation of said yard, extended north across and beyond the street.   For the purpose of showing that the opening of 60th street, as proposed, would damage the same and decrease its value, appellant called witnesses, and after laying the foundation therefor, by showing them experienced in railway operation, asked them the effect upon the switch yard of the opening of said street.

Objection thereto was interposed and sustained, and appellant excepted.   The evidence introduced by appellant, and admitted, tended to show, that, in the use of such yards, the operation of appellant's switch engines would be retarded and hindered; that it would require an increased expenditure of money daily to perform the same operations in handling and switching cars, making up trains, etc., now carried on, after the opening of the proposed street.   The witnesses were asked, and approximated the average daily increased expenditure to the railway company by reason thereof.   It is in effect conceded, that this last evidence

was proper for the consideration of the jury, in determining damages to land not taken, if any such damages were shown. It was, under all the rulings, clearly competent evidence as tending to show damages to property not taken. What it proved, if any thing, was for the jury.

Under this condition of the case, it was error for the court to instruct the jury, "that the measure of compensation in this case for the extension of 60th street, across the right-of-way of the railway companies, is the amount of decrease in the value of the use of the strip of land in question for railroad purposes, which will be caused by the use of said strip for the purposes of a street, such use for the purposes of a street being subject to the use of the railroad companies for railroad purposes," and refusing to instruct, at the instance of defendant, that the appellant company was "entitled to recover its just compensation, not merely for the strip to be so taken, for the purposes of said street, but, in addition, such farther sum, if any, as the evidence may show would justly compensate said company for the damages to its other property."

That the evidence offered and admitted tended to show depreciation in the value of appellant's switch yards and property not taken, seems too clear for argument. True, the court gave two instructions to the jury, at the instance of appellant, to the effect that, if the capacity of the appellant company to transact its business, as existing at the time of filing the petition, as shown by the evidence, would be limited by reason of the opening of 60th street over its tracks, and the use thereof by the public, and that such limitation would result independently of police regulation, or delays rendered necessary by the common law duty of appellant, to operate and manage its engines and trains with due care and caution on approaching and passing over said street, appellant would be entitled to compensation for such limitation of capacity, and the jury should allow said com-

pany such sum as they may believe from the evidence would be just compensation therefor.

This instruction by no means cured the error in the first given on the part of the petitioner. It might well be, as it is strenuously insisted by counsel for appellee in this case, that the jury would be unable to determine, from the evidence, what amount of damages would result from the abridgment of capacity. In the very nature of affairs, the diminution of capacity would depend upon the use made of the street by the public, which could not be accurately determined, and the amount of damages would, therefore, be largely conjectural. And, to meet this condition of case, appellee asked and the court gave an instruction telling the jury, "that the damage, if any, must be real and tangible, and not merely conjectural and speculative, and if the jury believe from the evidence that any damage is shown, but the evidence furnishes no basis for ascertaining the amount, a verdict for nominal damages is proper." The jury, acting under this instruction, found nominal damages. Without pausing to determine the accuracy of this last instruction quoted, it must be apparent, that, had the issue made by the cross-petition, of damages to property not taken, been properly submitted, they might have approximately found a sum that would be compensation for such damages. There was no other instruction given that tended, in any way, to modify the force and effect of the first instruction quoted, and the effect of that was to withdraw from the jury the consideration of the question of damages to property not taken.

If the instructions for appellant, before referred to, could be considered as bearing upon the question of such damages, it would be in direct conflict with the instruction for appellee first quoted. And the jury being told by it, that the measure of compensation to be allowed was the amount of decrease in the value of the use of the 66 foot strip for railroad purposes, which will be caused by taking it for use

as a street, they would naturally infer that the damages to be recovered by the railway company, by reason of the diminished capacity of the railroad to transact its business, would be confined to the use of the particular strip, and not to the railway or switch yards, etc. Appellant had the right to have the question of damages to its property not taken fairly submitted, and the court erred in withdrawing it from the jury.

Numerous other errors are assigned, which it is unnecessary to now consider. For the error indicated the judgment of the Circuit Court will be reversed, and the cause remanded for further proceedings. *Judgment reversed.*

Mr. Justice Magruder: I do not concur in the reasoning of this opinion.