The Illinois Central Railroad Company

*v.*

The City of Chicago.

*Filed at Ottawa November 27, 1894—Rehearing denied June 15, 1895.*

98:149 Ind 1'
37 LRA 1!

1. Eminent domain—*street may be extended across railroad yard.* A railroad yard, as well as the track or right of way of a railroad, is subject to the statutory power to extend a street across "any railroad track, right of way or land of any railroad company."

2. Same—*extension of street across right of way—right of company to compensation.* The extension of streets across the right of way of a railroad company deprives it, in part, of its property rights in

respect to the portions of land within the lines of the streets, so as to entitle the company to just compensation for the damage sustained thereby.   (Wilkin, Phillips and Magruder, JJ., dissenting.)

3. Damages—*may be allowed in condemnation though lands have no market value.* The fact that lands within a railroad right of way over which a street is laid have no market value because devoted to railroad uses, does not preclude the recovery by the railroad company of such compensation as may be just for the damages sustained on account of the laying out of such street.

4. Same—*value of land for particular purpose allowable in condemnation.* The value of land included within a railroad right of way, but not within the tracks, for the erection and use thereon of such structures, other than tracks, as the company might desire to erect and use for the purposes of its railroad business, should be given as damages for extending a street over such land.

Appeal from the Superior Court of Cook county; the Hon. Theodore Brentano, Judge, presiding.

This proceeding was instituted by the city of Chicago, in the Superior Court of Cook county, for the ascertainment of the compensation and damages due to the Illinois Central Railroad Company for land taken or damaged in opening and extending Eighty-second street and Ninetieth street across its railroad tracks and right of way. The company entered its motion to dismiss the proceeding, on the ground that the parts of the right of way proposed to be condemned are parts of the continuous line of its railroad, and that the streets will extend across the railroad and the railroad yard of the company, and so impair the usefulness of the railroad that it could not carry on and perform its duties as a common carrier. In support of this motion it offered to introduce in evidence the testimony before that time taken in certain causes wherein the company and the city were parties. No objection to the evidence on account of its form or because it was secondary was raised, but its introduction was resisted by the city on the sole ground that it was irrelevant, and on that ground it was excluded and the

motion overruled. Another ground set up in the motion to dismiss was, that the extension of the streets across the yard and tracks of the company was without authority in law, and in violation of the charter of the company and of the constitution and laws of the United States. A trial by jury was waived and the cause heard by the court, and a judgment rendered awarding one dollar to the company as just compensation, and from that judgment the company prosecutes this appeal.

It appeared from the evidence that the right of way of the company was 200 feet in width, and the streets proposed to be opened each 66 feet wide; that only about 60 feet of the 200-foot strip was occupied and taken up by the railroad tracks, and that there were left, wholly unoccupied, a strip 50 feet wide west of the tracks, a strip 30 feet wide east of the tracks, and a strip 66 feet wide between the fourth and fifth tracks.

It was proposed to prove by the witness L. H. Peirce the value to the railroad company of these unoccupied strips of land for the purpose of erecting thereon permanent structures for railroad purposes and uses other than tracks, and the witness L. P. Morehouse was offered to prove that he had been for a long time in the employ of the company; that he was a man of great experience in railroad matters; that the parts of the right of way embraced within the lines of the right of way and not occupied by tracks, and lying to the east and to the west of the tracks, are adapted to the construction and maintenance of different kinds of structures for railroad purposes other than railroad tracks, and are available for such purposes, and that the use of those particular parts of the land for streets will necessarily exclude and prevent their use for those purposes and for such structures as are commonly used by railroad companies in the operation and management of their roads; and it was also proposed to show by said witness the value of said strips

of land for grain elevators, or for warehouses, or for depots, or for other such structures for railroad purposes the erection of which upon the grounds would render their use for streets impossible, and to show that they are adapted to such railroad uses as are inconsistent with their use as streets, and hence that the company is deprived of their use, and also to show the value of said lands for the purposes of erecting thereon the aforesaid structures for railroad uses.  To the introduction of all and every of this evidence the city objected, and the objections being sustained, the company duly excepted.

In connection with this proposed evidence the appellant requested the court to hold the following proposition of law:

"*Second*—That where it appears, from the evidence, that the use of said land or right of way, or any part thereof, for the purposes of the street, will wholly exclude said company from the erection and use thereon of such houses, structures and improvements, other than railroad tracks, which said company might now or might at any time hereafter desire to erect and use for the purposes of its railroad business, then the court will also assess as damages such sum as shall equal the value of such land to said company for the erection and use of such structures."

But the court refused to hold said proposition of law, to which action of the court the appellant duly excepted.

C. V. Gwin, and Sidney F. Andrews, for appellant.

John S. Miller, Charles C. Gilbert, John Mayo Palmer, and Edward Roby, for appellee.

Mr. Justice Baker delivered the opinion of the court:

The case of *Illinois Central Railroad Co.* v. *City of Chicago*, 141 Ill. 586, in which the same extension of these streets was involved, fully sustains the ruling of the court below in denying the motion of appellant to dismiss the pro-

ceeding. In that case, among other things, it was said: "So far as the extension of Eighty-second and Ninetieth streets is concerned, the language of paragraph 89 is broad enough to authorize the extension across the railroad 'yard' as well as across the tracks or right of way." And since the motion to dismiss was unadvisedly filed, it necessarily follows that all evidence offered in support of it was properly excluded.

The exclusion of the offered testimony of the witnesses Peirce and Morehouse presents a more troublesome question. When the streets are extended across the right of way the city will not have the exclusive use of those parts of it, within the lines of the streets, where no tracks are laid. Its rights over those parts will be no greater than its rights are in respect to the parts where the tracks are laid. The company may still go on, notwithstanding the extensions of the streets, and put down additional tracks upon the now unoccupied parts of the right of way, or use such parts for any other railroad purpose that would be consistent with a joint use by itself and the city. But at the same time, the fact that such parts were used for public streets would necessarily prevent their being used for erecting thereon depots, warehouses, grain elevators, or any like structures for railroad purposes; and there can be no question but that the company, under its charter, has the right to locate upon the parts of its right of way sought to be taken for the streets, not only structures such as are mentioned above, but any "other buildings necessary for the construction, completing, altering, maintaining, preserving and complete operation" of its railroad. (Laws of 1851, p. 61, sec. 3.) The extension of the streets across the right of way, then, deprives the company, in part, of its property rights in respect to portions of the land within the lines of the streets.

The constitution of the State provides that "private property shall not be taken or damaged for public use

without just compensation." In *Rigney* v. *City of Chicago*, 102 Ill. 64, this court said: "Property, in its appropriate sense, means that dominion or indefinite right of user and disposition which one may lawfully exercise over particular things or subjects, and generally to the exclusion of all others, and doubtless this is substantially the sense in which it is used in the constitution." It is to be noted that the lands here sought to be condemned for the streets are devoted to a special use, and therefore have no market value.

In *Lake Shore and Michigan Southern Railway Co.* v. *Chicago and Western Indiana Railroad Co.* 100 Ill. 21, we said, that although the right of way is limited to the use of the land for the construction, maintenance and operation of a railroad upon it, yet this limited use is property, and as much so as if the use were an absolute one ; and further said, that the land was devoted to a special use, and that estimates of its value with reference to such use, by those competent to speak in that regard, should have been received.

In *St. Louis, Jerseyville and Springfield Railroad Co.* v. *Kirby*, 104 Ill. 345, it was said that the value of land consists in its fitness for use, present or future, and that before it can be taken for public use the owner must have just compensation.

In *Chicago and Evanston Railroad Co.* v. *Jacobs*, 110 Ill. 414, it was held,—citing *Haslam* v. *Galena and Southern Wisconsin Railroad Co.* 64 id. 353,—that reference may be had not merely to the uses to which the land is actually applied, but that its capacities may also be taken into consideration.

In *Johnson* v. *Freeport and Mississippi River Railway Co.* 111 Ill. 413, the rule was formulated by the late Chief Justice SCHOLFIELD thus : "If property has a special value, from whatever cause, that special value belongs to the owner of the property, and he is entitled to be

paid it by the party seeking condemnation. In determining the value of real property, in such cases, to the owner, witnesses may give their opinions, and any special circumstances upon which those opinions are founded, for what they are worth."

In *Dupuis* v. *Chicago and North Wisconsin Railway Co.* 115 Ill. 97, this court held that if lands are devoted to some particular use, and in consequence of such use have an intrinsic value, the owner, in order to get just compensation, is entitled to receive whatever they are worth for the use or purpose to which they may be devoted. And in *Calumet River Railway Co.* v. *Moore*, 124 Ill. 329, it was held that the fact that the lots there in question were located with a frontage on the river, at a place where they could, at some future time, when demanded, be made available as dock property, thus enhancing their present value, would be competent and proper to be shown, and be considered by the jury in estimating the damages; and it was there said that it can make no difference that there might be no present demand for docks upon these lands.

The logic of the law and of our former decisions leads irresistibly to the conclusion, that in the case at bar the trial court erred in excluding the proffered testimony of the witnesses Peirce and Morehouse. And see, in this connection, the late case of *Lake Shore and Michigan Southern Railway Co.* v. *City of Chicago*, 151 Ill. 359.

It is urged that when it is considered that the strips of ground sought to be condemned for the streets are but parts of the continuous right of way of the railroad company, it is apparent that the evidence sought to be introduced was clearly fictitious and speculative. We do not see how we could arrive at any such conclusion as matter of law. If the parts of the land not occupied by tracks, and proposed to be taken for the streets, are but portions of the continuous right of way of the company

within the limits of the city, and are no better adapted, on account of particular locality or from other causes, for depots, warehouses, engine houses, shops or other structures for railroad purposes, than are the other unoccupied parts of the continuous right of way, then that presents a question of fact, and is a matter for the consideration of the jury or trial court in determining the amount of the compensation or damages.

As we understand the second proposition of law that was tendered by appellant, it involves the same question that arose in regard to the evidence of Peirce and Morehouse. This being so, it was error to refuse to hold the same.

Other objections are raised by appellant to the judgment and to the rulings of the trial court; but like objections have been overruled by this court in numerous recent cases, and it is not deemed necessary to restate the grounds of those decisions. It is not considered that anything held in this case is in conflict with the decisions of this court in *Chicago and Northwestern Railway Co.* v. *City of Chicago*, 140 Ill. 309, and subsequent cases of like character.

For the errors indicated herein, the judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*

Wilkin and Phillips, JJ., dissenting.

Mr. Justice Magruder : I dissent from this opinion. It is inconsistent with the recent decisions of this court adopted after mature reflection known as the grade crossing cases. In my opinion every railroad company takes its charter and its right to lay tracks, or to have a right of way at all, subject to the right of the people to extend their streets and highways across such tracks and right of way.