The Illinois Central Railroad Company

*v.*

Commissioners of Highways of Town of Mattoon.

*Filed at Springfield May 12, 1896.*

1. Highways—*extension of highway across railroad right of way—right to compensation.* The extension of a public highway across the right of way of a railroad company deprives such company, in part, of its property rights in respect to the portions of the right of way within the lines of such highway, so as to entitle the railroad company to just compensation.

2. Same—*order laying out highway—failure to provide for compensation.* An order of highway commissioners laying out a public highway across a railroad, without any agreement as to compensation and damages, or a release of the same, or an ascertainment of their amount by verdict of a jury, as prescribed by statute, is void, although the damages may have been merely nominal. (*Chicago West Division Railway Co.* v. *Metropolitan West Side Elevated Railroad Co.* 152 Ill. 519, distinguished.)

Writ of Error to the Circuit Court of Coles county; the Hon. Ferdinand Bookwalter, Judge, presiding.

This suit was brought by the commissioners of highways of the town of Mattoon, against.the defendant in error, the Illinois Central Railroad Company. A jury was waived and the cause submitted to the Coles circuit court upon an agreed state of facts. There were rulings of the court upon various propositions of law submitted to it. Judgment was rendered in favor of the highway commissioners and against the railroad company for $37.74 and costs.

The agreed facts in the case are as follows: In August, 1893, the commissioners of highways of the town of Mattoon, in Coles county, Illinois, upon proper petition and posting of proper notices, as required by statute, ordered the laying out of a public highway in a country district about a mile and a quarter long east and west, crossing the right of way and track of the Illinois Central Railroad Company at nearly right angles, where the

track was nearly on a level with the surface of the ground and no buildings or improvements on the right of way, excepting a side-track in addition to the main track, and there were no substantial damages to the company, but only nominal damages, from the laying out or opening of the highway. No other notice was given to the railroad company, and no condemnation proceedings had and no release given by it, and no summons against it to appear before the justice of the peace in any condemnation proceedings, and no assessment of damages by a jury to the railroad company, and no question of damages to the company presented to the jury. The highway was opened for travel on both sides of the right of way of the railroad before October 1, 1893, when the commissioners of highways served written notice on the company to remove its fences. On August 20, 1894, the commissioners of highways served a notice upon the company to construct a crossing over its track, and the approaches thereto, which notice was in writing and served on the nearest agent of said company to the said crossing. More than thirty days having elapsed and the company not having constructed said crossing and approaches, the commissioners of highways put the same in, at the reasonable cost of $37.74. The notice of August 20, 1894, to construct the crossing and approaches, was the first personal notice given to the railroad company of any such contemplated highway, excepting the notice to remove fences, aforesaid. On August 24, 1894, the superintendent of the railroad company wrote to the commissioners of highways referring to their notice of August 20, stating that he had advised their attorneys that the company would permit the crossing to be put in provided they would bear the entire expense, including cattle-guards, crossing signs, wing fences, ring and whistle posts and approaches to the crossing, the company to bear the expense of planking the track, and stating that it was still ready to carry out the arrangement. The

railroad company has been in possession, control and operation of its road at such place since 1855.

Horace S. Clark, and John F. Scott, for plaintiff in error.

J. F. Hughes, for defendants in error:

The only object of allowing nominal damages in any case is for the purpose of carrying costs, but in cases of this character the petitioner always pays the costs, and hence no necessity exists for allowing nominal damages. *Railway Co.* v. *Railroad Co.* 152 Ill. 526.

Where a street is laid out over the right of way of a railroad, and there is nothing to show it is adapted to any special use, only nominal damages should be allowed. *Railroad Co.* v. *Town of Cicero,* 157 Ill. 48.

The damages contemplated by the constitution are substantial damages.    There can be no damage to property without pecuniary loss or injury which lessens its value.    *Railroad Co.* v. *Francis,* 70 Ill. 240; *Railroad Co.* v. *Stickney,* 150 id. 382.

No property is "taken" by laying out a highway or street across a railroad.    Only an easement or right to cross is acquired.    *Railway Co.* v. *Chicago,* 140 Ill. 314; *Railroad Co.* v. *Chicago,* 141 id. 595; *Railroad Co.* v. *Chicago,* 149 id. 459.

Every railroad company holds its right of way subject to the right of the public to extend the public highways and streets across the same.    *Railway Co.* v. *Chicago,* 140 Ill. 317; *Railroad Co.* v. *Chicago,* 141 id. 594.

Under its charter the Illinois Central Railroad Company is clothed with power to use this strip of ground for railroad purposes, but for no other purpose. *Railroad Co.* v. *Chicago,* 141 Ill. 514.

Interruption of the business of the company by the opening of the road is no ground for damages. *Railroad Co.* v. *Chicago,* 148 Ill. 519.

No damages can be claimed for obedience to the police regulations of the State requiring the company to put in crossings, cattle-guards, crossing signs, wing fences, ring and whistle posts, approaches to the crossing, etc. *Railroad Co.* v. *Chicago*, 140 Ill. 318; *Railroad Co.* v. *Chicago*, 148 id. 518.

Direct and immediate damages alone are recoverable. They must be real, tangible and proximate, and although there may be inconvenience and annoyance, unless the property is depreciated in value there are no elements of damage. *Railway Co.* v. *Railway Co.* 105 Ill. 118.

Where no portion of the land is actually taken and the damages suffered are consequential, it does not seem there is any warrant for instituting proceedings for the ascertainment of such damages. *Stetson* v. *Railroad Co.* 75 Ill. 77; *Parker* v. *Catholic Bishop*, 146 id. 165; *Railroad Co.* v. *West Chicago*, 54 Ill. App. 273.

The question of damages to lands not taken may be adjusted afterwards. It is not jurisdictional. *Brown* v. *Robertson*, 123 Ill. 634; *Fesser* v. *Achenback*, 29 Ill. App. 376.

When a highway is laid out by the proper authorities across a railroad company's right of way, this is not such a taking of property as entitles the company to damages. 6 Am. & Eng. Ency. of Law, 554.

Mr. Justice Baker delivered the opinion of the court:

We think the material inquiry is as to the existence of a public highway crossing at the place in question. The land was a part of the right of way of the railroad company, and had been in its possession and control since 1855, and it had operated and was operating its railroad thereon.

It is provided in the State constitution (art. 2, sec. 13,) that private property shall not be taken or damaged for public use without just compensation, and that such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law. "Prop-

erty," in the sense in which that word is thus used in the constitution, is that dominion or indefinite right of user and disposition which one may lawfully exercise over particular things or subjects, and generally to the exclusion of all others.   (*Rigney* v. *City of Chicago*, 102 Ill. 64.) The use of a railroad right of way is exclusive, and is property within the mandate and protection of this constitutional provision, and an entry upon such right of way and use of it for another public purpose is a taking of property, for which there must be just compensation. (*Lake Shore and Michigan Southern Railway Co.* v. *Chicago and Western Indiana Railroad Co.* 100 Ill. 21.)   The extension of a public highway by the public authorities across the right of way of a railroad company deprives it, in part, of its property rights in respect to the portions of the right of way within the lines of such highway, so as to entitle the railroad company to just compensation.   (*Illinois Central Railroad Co.* v. *City of Chicago*, 156 Ill. 98.)   And in *Chicago and Northwestern Railway Co.* v. *Town of Cicero*, 154 Ill. 656, we said (p. 662): "It is the mandate both of the constitution and of the statute that appellant should be paid just compensation for its property taken,—not compensation, *if any*, for its property taken.   Property is the right and interest which one has in lands and chattels to the exclusion of others.   The term 'property' includes every species of valuable right and interest.   Value is the price deemed or accepted as equivalent to the utility of anything, and compensation is that which constitutes or is regarded as an equivalent.   It is impossible to conceive of such a thing as property wholly separated from the element of value.   From the very term 'property' the law infers some value, and if no value is shown, the inference will be that it is the nominal sum of one cent, one penny or one dollar.   *   *   *   Just compensation to the extent of that value was an absolute and constitutional condition precedent to the exercise of the right to take property from the owner under the right of eminent domain.".   And

in *Lake Shore and Michigan Southern Railway Co.* v. *City of Chicago*, 151 Ill. 359,—a case of condemnation for a street across the right of way of a railroad company,—it was said that the company had the right to have the question of damages to its property not taken fairly submitted to a jury.    In the leading case of *Chicago and Northwestern Railway Co.* v. *City of Chicago*, 140 Ill. 309, it was held that where a strip of land across a railroad right of way is taken for a public street, the measure of the compensation is the amount of decrease in the value of the use for railroad purposes which would be caused by the use for the purposes of a street.    In the subsequent case of *Chicago, Burlington and Quincy Railroad Co.* v. *City of Chicago*, 149 Ill. 457, it was said (p. 459): "The measure of compensation is the amount of decrease in the value of the use for railroad purposes caused by the use for the purposes of a street, such use for the purposes of a street being exercised jointly with the use of the companies for railroad purposes."    And to the same effect are subsequent cases.

The agreed case shows that when the highway commissioners ordered and laid out the road in question no compensation or damages for the property taken or damaged were paid to the railroad company, or agreed upon or released, and that neither compensation nor damages were ever assessed or determined by a jury under either the Eminent Domain act or sections from 39 to 46 inclusive of the Road law, (Hurd's Stat. 1893, pp. 1241, 1242,) nor any endeavor made to ascertain the amount of either compensation or damages.    This was, apparently, an attempt to evade or annul the provisions of both the constitution and the statutes of the State.    The commissioners could not lawfully establish and lay out a new road across land and property belonging to another in his or its private right by simply making an order to that effect. The same laws that protect and preserve the property rights of the individual citizen also protect and preserve

the property and the rights of corporations, and the commissioners could no more establish and open a public road across the right of way and railroad tracks of the railroad company by simply and arbitrarily making an order, than they could establish and open such road across the farm of the individual land owner that adjoined such right of way, by such an order.

It is urged that because of the stipulation in the agreed state of facts "that there was no substantial damages to the company, but only nominal damages, from the laying out or opening of the highway," there was no occasion for either agreeing upon the amount to be paid, or securing a release or procuring an assessment of compensation or damages by a jury, and that therefore the company is in this case liable to the commissioners for the cost of putting in the crossing. There is no merit in this claim, and the argument made to support it is illogical. As we understand the law, no new public highway can be established, by an order of highway commissioners, over lands owned as private property without there is either an agreement as to compensation and damages, or a release of the same, or an ascertainment of their amount by the verdict of a jury in the manner prescribed by the statutes. Here there was neither such agreement, nor such release, nor such ascertainment, either when the commissioners made their order, or when they proceeded to open a road across the right of way, or when, on August 20, 1894, they served a notice upon the railroad company to construct a crossing over its track and the approaches thereto. Therefore there was no public road or highway at the place in question when said notice of August 20 was given, and no legal duty or obligation, under sections 8, 9 and 10 of the act in relation to fencing and operating railroads, (Hurd's Stat. 1893, pp. 1116, 1117,) imposed upon the railroad company to construct a crossing and approaches at that place within thirty days after such notice, and no legal liability under

section 11, on the part of the railroad corporation, for the necessary expenses incurred by the public authorities in making such construction.    The stipulation, made and filed in December, 1894, in this suit, that was not commenced until September 26, 1894, could not, in the nature of things, have the effect of so relating back to August 20, 1894, as to give to land which was not at that time a public road the *status* of being *then* a public road; and if it could, then the company would, under a further provision of said section 11, "in addition thereto be liable to a fine of $100," and the results reached would be palpable absurdities and in conflict with fundamental legal principles and rights.    The concession by plaintiff in error in this suit that the opening of the road by the commissioners across its right of way and track occasioned it no substantial, but only nominal, damages, is not, and was not intended to be, an admission that there was a public road there on said August 20, 1894, and it does not have the legal effect of establishing that there was then a public highway there.

The decision of this court in *Chicago West Division Railway Co.* v. *Elevated Railroad Co.* 152 Ill. 519, has no proper application to this case.    There a condemnation proceeding was prosecuted under the provisions of the Eminent Domain act, and the questions of compensation and damages to the Chicago West Division Railway Company, as well as the questions of compensation and damages to the other party in interest, were duly submitted to a jury. The jury allowed such other party $32,860, but refused to allow even nominal damages to the Chicago West Division Railway Company.    The uncontradicted evidence in the case was, that the present value of the reversionary interest, after the expiration of the lease for 999 years, was nothing whatever.    We refused to reverse the assessment of the jury and the adjudication of the court and remand the cause merely for the assessment of nominal damages to a reversionary interest so remote, hold-

ing that such interest was so very remote that it might be ignored in the assessment. Besides this, it was held that the reason for the rule awarding nominal damages to a party having an interest in the premises, but who is really entitled to no compensation, had no application to the proceeding then before us. Here, however, the interest of plaintiff in error in its right of way and tracks was not remote. It was, and for nearly forty years had been, in the possession and sole control of its right of way and was operating its railroad thereon, and it had not, like the Chicago West Division Railway Company, had its day in court and the benefit of a verdict of a jury upon the questions of compensation and damages.

It would be a very unsafe rule, and one subversive of the guaranty of the constitution, that would allow those, other than the State, authorized to exercise the power of eminent domain, to take and appropriate private property and leave the questions of compensation and damages for future settlement or litigation; and it would endanger the lives and the property of the public, if those invested with the right to construct highways, railroads or other public improvements across an existing railroad right of way and railroad track were permitted to do so without the consent of the owner, or as the result of judicial proceedings to which such owner was not a party.

The rulings of the trial court upon the propositions of law submitted to it, so far as they are inconsistent with the views herein expressed, were erroneous. Upon the agreed state of facts the finding and judgment should have been for the defendant corporation.

The judgment is reversed.

*Judgment reversed.*