St. Louis, Jerseyville and Springfield Railroad Company

*v.*

Nathaniel T. Kirby.

*Filed at Springfield September 28, 1882.*

1. Eminent domain—*measure of damages.* In a proceeding to condemn land to be used for right of way for a railroad, across a farm, the court instructed the jury, in behalf of the land owner, that under the law the company was not bound to fence its road until six months after its completion, and that in estimating the damages the jury might consider the damage the keeping open of the road would be to the farm: *Held,* that there was no error in giving the instruction.

2. The inconvenience of having one's land temporarily thrown open in the progress of constructing a railway over the same, may be a material element of damage, and justly require compensation.

3. It seems that the value of a training track to the owner, which will be destroyed, is allowable as a part of the compensation to be paid for the right of way through a farm. The value of land consists in its fitness for use, present or future; and before it can be taken for public use the owner must have just compensation. If he has adopted a peculiar mode of using that land by which he derives profit, and he is to be deprived of that use, justice requires that he be compensated for the loss. It is the value which he has, and of which he is deprived, which must be made good to him.

4. Same—*consideration of benefits.* In assessing the damages to another portion of a farm, aside from the value of the land taken for a right of way for a railroad, the jury should consider the road as running only through the farm, and not consider any general benefit which the road may prove in making a better market or convenience for travel, and in some cases they would be justified in estimating the damages to the farm the same as though the road commenced on one side of it and ran across it to the other side, and no further.

5. Instructions—*singling out parts of evidence.* As a general rule, an instruction is faulty which calls attention specially to a part of the evidence bearing upon a given question, omitting to mention other parts of the proof bearing upon the same question. Where, however, the damages to be ascertained rest upon several separate alleged grievances, which may be considered separately as items, attention may properly be called to any one of the subjects.

6. Same—*may assume facts conceded and not disputed.* It is not error for an instruction to assume a fact in the case where it is not disputed, but fully recognized by both parties.

Appeal from the County Court of Jersey county; the Hon. Robert A. King, Judge, presiding.

Messrs. Warren & Pogue, and Mr. George W. Herdman, for the appellant:

The defendant's instruction told the jury that plaintiff had six months in which to fence its road after its completion, and that in estimating the damages they might consider the damages the keeping open of the road would be to the farm. We do not believe a decision can be found in support of this doctrine. Still more objectionable is his instruction which tells the jury that if the proposed track goes through defendant's race track, and destroys the same for use, and that it is worth to defendant $500, they should take the same into consideration. This assumes that defendant had a race track, and that the jury are to estimate what it was worth to defendant, and not what was its fair and reasonable value. Under the instruction the jury were justified in valuing the race track like valuing an acre of ground,—as a farm. We do not think the law contemplates such damages in a case of this character.

These companies ought to pay a fair price for the land taken, and damages, if there are any outside of the right of way condemned, for actual inconveniences. *Eberhart* v. *Chicago, Milwaukee and St. Paul Ry. Co.* 70 Ill. 347. Actual damages can be assessed, but not those tortured up for effect. *Keithsburg and Eastern R. R. Co.* v. *Henry,* 79 Ill. 290.

The jury are told, in defendant's ninth instruction, that they were justified in estimating damages to this farm "the same as though this road commenced on one side of said farm and run across said farm to the other side thereof, and run no further,"—in other words, to allow no benefits. The question really is, how much, if any more, would the farm be worth after the railroad is upon it, than without it.

Mr. A. A. Goodrich, and Mr. T. S. Chapman, for the appellee, contended that the instructions given were correct, as applied to the facts of this case, which they reviewed and discussed, and that the verdict was warranted.   Also, that though the court may have erred in some of its instructions, a new trial will not be granted, if, upon the whole record, it is apparent that substantial justice has been done.   *Curtis* v. *Sage,* 35 Ill. 22; *Boynton* v. *Holmes,* 38 id. 61; *Paulman* v. *King,* 49 id. 266; *Hubner* v. *Feige,* 90 id. 208.

Mr. Justice Dickey delivered the opinion of the Court:

This is an appeal from the judgment of the county court of Jersey county, fixing the compensation to be paid by appellant for the right of way across the land of appellee for railroad purposes.

Objection is made to the fourth instruction, given at request of appellee, which states that under the law the railroad company is not bound to fence its road until six months after it is completed, and that in estimating the damages the jury may consider the damage the keeping open of said road would be to the farm.   It is not denied that the law is as stated. We see no objection to calling the attention of the jury to that subject.   The inconvenience of having a man's land temporarily thrown open in the progress of the construction of the road may be a material element, and justly require compensation.

Exception is also taken to the ninth instruction, which was as follows:

"You are further instructed, for the defendant, that in estimating the damages to the balance of the farm, you should consider this railroad as running only through this farm, and should not consider any general benefit which the road might be in making a better market or convenience for travel, and you are justified in estimating the damages to this farm the

same as though this road commenced on one side of the said farm and run across said farm to the other side thereof, and run no further."

. No particular objection to this is pointed out by counsel. The first branch of the instruction is undoubtedly the law, under our statutes. The last sentence may not be a proper statement of the law as applied to some cases, but so far as the proofs show, in this case it is but another mode of stating the idea expressed in the first clause of the instruction.

Lastly, it is contended that it was error to charge the jury that if they believe, from the evidence, that the proposed line of railroad will go through and destroy for use the training track of appellee, and they further believe, from the evidence, that such training track was worth to appellee $500, they should take such sum into consideration in estimating the damages to be allowed him, etc. As a general rule, it is faulty to call attention specially to a part of the evidence bearing on a given question, omitting to mention other parts of the proof bearing upon the same question. Where, however, the damages to be ascertained rest upon several separate alleged grievances, which may be considered separately as items, attention may properly be called to any one of the subjects. This instruction is no doubt faulty in naming a specific sum as the value of the training track, but when we look into all the proofs, it is found that the sum named is the lowest price or value placed upon the training track by any witness. Looking at the finding of the jury, (which placed the damage to land of appellee at only $973.12,) in connection with the testimony as to injury to arise from causes other than disturbance of the training track, it seems plain to our minds that the jury were not misled, or led at all, by naming the sum of $500. Considering all the proofs, the jury could not have allowed more than about $300 for the loss of the use of the training track.

It is objected that the instruction assumes that appellee *had* a training track. This is not error. That was a fact as fully recognized by both sides as was the fact that appellee had land, or the fact that appellant proposed to construct a railroad.

Again, it is objected that what the training track was worth to *appellee* was not the true measure. Why not? It is said he can not recover for damage to his business. That may be true in so far as his business does not consist in the use of the land. The value of land consists in its fitness for use, present or future, and before it can be taken for public use the owner must·have just compensation. If he has adopted a peculiar mode of using that land, by which he derives profit, and he is to be deprived of that use, justice requires that he be compensated for the loss. That loss is the loss to himself. It is the value which he has, and of which he is deprived, which must be made good by compensation.

These are the only instructions complained of by counsel for appellant. We find in them no sufficient ground to disturb the judgment of the court below. The judgment will therefore be affirmed.

*Judgment affirmed.*