## ANN E. JOHNSON *et al.*

### *v.*

## THE FREEPORT AND MISSISSIPPI RIVER RAILWAY COMPANY.

*Filed at Ottawa November 17, 1884.*

111  413,
136   14

111  413
137  144

111  413
141  497
146  377

111  413
149  161
155  664

111  413
161   25

111  413
156  103

111  413
65a  375

111  413
166  365
68a  419

111  413
169  338

111  413
177   96

111  413
185   13

1.   EMINENT DOMAIN—*of the pleadings—cross-petition—whether allowable.*   On a petition to condemn land by a railroad company, the defendant has a right to file a cross-petition when his interests are not accurately or fully stated in the petition, and thereby recover compensation for damages to other adjacent property not sought to be taken, and it is error to strike such cross-petition from the files.   If it be defective, or the property damaged is insufficiently described, or the cross-petition does not show how the property will be damaged, the proper course is to demur to it, so as to afford an opportunity to amend the same.

2.   SAME—*as to plea or answer to petition.*   Under the Eminent Domain act an answer or plea to the petition is not allowable, and if a special plea is filed, there is no error in striking it from the files.

3.   SAME—*petition filed in vacation—trial in term time.*   A petition under the Eminent Domain act, though filed in vacation, may be tried in term time, and a motion to dismiss, and a challenge to the array of jurors, based on the ground that the petition was filed in vacation, are properly disallowed.

4.   SAME—*measure of damages—special value of property proposed to be taken.*   On a proceeding to condemn lots for depot and other railroad uses, the defendant offered to prove that the property had a special value beyond its general market value, and also that certain prices had been offered for the property, within a few months of the time of the trial, above the general market value,—all of which was excluded, on objection: *Held,* that the court erred in excluding the evidence.

5.   If property has a special value from any cause, that special value belongs to the owner, and he is entitled to be paid it by the party seeking condemnation.

6.   EVIDENCE—*opinions of witnesses as to value of property sought to be condemned.*   Persons familiar with land sought to be condemned, who have opinions of its value, though not shown to be experts, are competent witnesses to express those opinions.   But the weight of such evidence presents a different question.   On that point, when there is equal credibility, superior opportunity and intelligence are entitled to the greater weight.

7.   Such opinions of witnesses as to the value of the land are not, however, to be passively received and blindly followed, but should be weighed by the jury, and judged of in view of all the evidence in the case and the

jury's own general knowledge of affairs, and have only such consideration given to them as the jury may believe them entitled to receive.

8. CHANCERY—*dismissal of bill on motion—on what grounds.* A bill in equity will not be dismissed, on motion, unless it be for want of equity apparent on the face of the bill, and when it is manifest no amendment can help it, or for want of jurisdiction.

9. PLEADING AND PRACTICE—*how to dispose of defective pleas.* At law, if a plea is insufficient in form or substance, the only mode of taking advantage of the defect is by demurrer. It is improper in such case to strike the plea from the files.

10. BILL OF EXCEPTIONS—*when necessary.* This court can not review the ruling of the trial court in excluding written evidence, such as deeds and ordinances, unless they are preserved in a bill of exceptions or certificate of evidence.

APPEAL from the County Court of Jo Daviess county; the Hon. WILLIAM R. ROWLEY, Judge, presiding.

Mr. M. Y. JOHNSON, for the appellants.

Mr. B. C. COOK, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a proceeding commenced by petition, by the Freeport and Mississippi Railroad Company, to condemn, under the Eminent Domain act, the whole of lots 10, 11 and 12, in block 5, on the east side of the Galena river, in the city of Galena, that remains after taking therefrom a strip of land ten feet in width off the east end thereof, conveyed to the Illinois Central Railroad Company, and after taking therefrom another strip of ground off the west end thereof twenty-two feet wide, on Bouthillier street, and gradually narrowing southwardly to a width of ten feet on the southerly boundary line of said lot 10, conveyed to the city of Galena, the title whereof is conceded to be in fee in Ann Eliza Johnson. The purpose of the condemnation is for depot, station building,

right of way for construction and operation of main and side-track, spurs, switches, etc.

At the return day of the writ, Ann Eliza Johnson filed her cross-petition in the proceeding, in which, among other things, she alleged that "she is the owner of a strip of ground off the west end of said lots 10, 11 and 12, of twenty-two feet, on Bouthillier street, narrowing southwardly to ten feet in front of lot 10, on Water street, in which the right of user was conveyed to the city of Galena, which strip is not included in the petition for condemnation; that in and by her deed conveying such right of user to the city of Galena, which was dated January 25, 1856, it was stipulated that the conveyance was made on the condition that the grounds so conveyed should be forever kept and used as a public street and wharf for the use of the inhabitants of Galena, and that Water street, in front of said lots, should be kept and maintained at all times forty-five feet wide; that in consequence of the said condition on which said conveyance was executed, she has a vested interest in so much of said Water street as is in front of said lots, paramount to other lot owners abutting on said street; that the petitioner, by the line of its contemplated railroad, will run over and appropriate to itself the exclusive use of said Water street in front of said lots, under and by authority of an ordinance of the city of Galena, which provides that said petitioner shall pay all damages occasioned thereby." The cross-petition concludes, "by means whereof she will be greatly injured and damaged in other property she is interested in, adjacent and within two hundred feet thereof, by reason of taking said Water street aforesaid, and prays that damages may be assessed under the law, as required by the statute," etc. On motion of the attorney for the petitioner, this cross-petition was stricken from the files. Afterwards, Ann Eliza Johnson filed a special plea to the petition, and this, on motion of the attorney for the petitioner, was also stricken from the files.

When the cause came on to be heard, the attorney for Ann Eliza Johnson challenged the array of jurors, and moved to dismiss the petition; but the challenge was disallowed, and the motion to dismiss was overruled.  Her damages were then assessed, by the verdict of the jury, at \$2500, whereupon she moved for a new trial, but the court overruled the motion, and entered judgment upon the verdict.  Exceptions were taken by Ann Eliza Johnson to the various rulings of the court adverse to the contentions of her attorneys, which were allowed, and she now assigns numerous errors in consequence of such rulings.  Such of them as we deem important we shall notice in consecutive order.

*First*—We think the court erred in striking the cross-petition of Ann Eliza Johnson from the files.  The constitution guarantees as well that private property shall not be damaged, as that it shall not be taken for public use, without just compensation, (sec. 13, art. 2, of the constitution,) and this guaranty is repeated in the first section of the Eminent Domain act.  The second section of that act likewise makes provision for assessing damages on account of property damaged, as well as on account of property taken for public use. Where some property is damaged and other property is taken for public use at the same time, in many instances it would seem to be almost indispensable to the ends of justice that the questions should be considered together, and hence there ought to be some way by which, if the petitioner neglect to include in his petition all property damaged as well as all property taken, it could be brought before the court.  Obviously, the most convenient way to do this is by cross-petition. It is true the statute makes express provision for filing a cross-petition only by a person interested who is not made a defendant; but this, by implication, would seem to recognize the right of a person already made defendant, whose interests are not fully or accurately stated in the petition, to file a cross-petition for that purpose.  It surely could never have

been intended that a person whose name or interest is not mentioned in the petition, may come in by cross-petition, describe his interest and have his rights adjudicated, and yet a person who is summoned as defendant shall be denied the privilege of being allowed to accurately describe his interest in a cross-petition and have his rights adjudicated. The right to file a cross-petition, by the analogies of the law, would seem to result as an incident from the right to file the petition, and so we have held that a cross-petition is an appropriate mode of bringing before the court, property of the defendant taken or damaged and not described in the petition. *Mix* v. *Lafayette, Bloomington and Mississippi R. R. Co.* 67 Ill. 319; *Jones* v. *Chicago and Iowa R. R. Co.* 68 id. 380; *Galena and Southern Wisconsin R. R. Co.* v. *Birkbeck,* 70 id. 208.

This cross-petition distinctly shows an ownership of the defendant, Ann Eliza Johnson, in the fee of certain soil theretofore conveyed to the city, adjacent to Water street,—an implied obligation on the part of the city to keep that street open in front of her property, forty-five feet wide; that the petitioner will run over and appropriate the exclusive use of that street in front of her property, and that she will be damaged thereby. There is, undoubtedly, an insufficient description of the property claimed to be damaged, and precisely how it will be damaged; but this can be remedied by amendment. Had the petitioner demurred to the cross-petition, instead of moving to strike it from the files, the demurrer should have been sustained; but then the party would have been allowed to amend, and might thus have brought before the court such a claim for damages as she would have been entitled to have adjudicated in this proceeding. The rule in equity is, a bill will not be dismissed, on motion, unless it be for want of equity apparent on the face of the bill, and where it is manifest no amendment could help it, or for want of jurisdiction; (*Thomas, Trustee,* v. *Adams et al.* 30 Ill. 37;) and at law, if a plea be insufficient in form or substance, the

27—111 ILL.

only mode of taking advantage of the defect is by demurrer. It is improper in such case to strike the plea from the files. *Orne* v. *Cook*, 31 Ill. 238.

*Second*—We have held in *Smith* v. *Chicago and Western Indiana R. R. Co.* 105 Ill. 511, that under the Eminent Domain act an answer is not allowable, and the principle includes a plea. The plea was therefore properly stricken from the files.

*Third*—The objection that inasmuch as the petition was filed in vacation, the cause could not be tried at a regular term, is untenable, and the challenge interposed to the array of jurors, and motion to dismiss the petition based on that objection, were properly disallowed and overruled. We held in *Bowman et al.* v. *Venice and Carondelet Ry. Co.* 102 Ill. 468, *et seq.*, that a proceeding of this character, though commenced in vacation, may be tried, as was here done, in term time.

*Fourth*—We are unable to say whether the court properly rejected, as evidence, the deed from Lucy N. Wight to the city of Galena, and the deed from Lucy N. Wight to Ann Eliza Johnson, and ordinance of the city of Galena, as offered to be read by the attorney for Ann Eliza Johnson, because they are not set forth in the bill of exceptions or certificate of evidence. They may or may not have been properly excluded. This can only be determined by an inspection of their contents, and the burden is on the party alleging error to affirmatively show its existence.

*Fifth*—The objection that opinions of witnesses not shown to have been experts, were received in regard to the value of the property sought to be taken, is not tenable. Persons who are familiar with the land, and have an opinion of its value, are competent to express that opinion. But the weight of such evidence presents a different question. On that point, where there is equal credibility, superior opportunity and intelligence would, of course, be entitled to the greater weight. (*White et al.* v. *Hermann*, 51 Ill. 243 ; *Keithsburg and Eastern*

R. R. Co. v. *Henry,* 79 Ill. 290.) Such opinions of witnesses are not to be passively received and blindly followed, but they are to be weighed by the jury, and judged of in view of all the evidence in the case and the jury's own general knowledge of affairs, and have only such consideration given to them as the jury may believe them entitled to *McReynolds et al. v. Burlington and Ohio River R*

*Sixth*—On the trial there were oth           Eliza Johnson, to prove that the premises           demned had a special value for railroad purposes beyond its general market value, and also that certain prices had been offered for the property, within a few months of the time of the trial, above the general market value,—all of which, on objection, the court refused to allow to be proved; and, consistently with such ruling, the court, among other things, at the instance of the petitioner, instructed the jury:

"The jury are instructed by the court, that the evidence of certain witnesses as to what they would give for the property in controversy, is not proper evidence for the jury to consider in making up their verdict in this case, that such testimony was ruled out by the court, and should not be considered by the jury."

In these rulings we hold there was error. In *St. Louis, Jerseyville and Springfield R. R. Co.* v. *Kerr,* 104 Ill. 345, we held that it is competent to show, in such cases, that the land proposed to be taken has a special value to the owner by reason of a special profitable use, and he is entitled to compensation for the loss occasioned by deprivation of such special use. In that case the use was that of a training track. It was said: "The value of land consists in its fitness for use, present or future, and before it can be taken for public use the owner must have just compensation. If he has adopted a peculiar mode of using that land, by which he derives profit, and he is deprived of that use, justice requires that he be

compensated for the loss. That loss is the loss to himself. It is the value which he has, and of which he is deprived, which must be made good by compensation." And upon like principle we held in *Lake Shore and Michigan Southern Ry. Co. et al.* v. *Chicago and Western Indiana R. R. Co.* 100 Ill. 21, that where land has no market value, from the fact of its being used as a right of way for a railroad, and devoted to a special use of making railroad transfers, estimates of its value with reference to such use, by those competent to speak in that regard, should be received on the question of compensation to be paid for its condemnation for the use of another railroad company for its right of way. And in *Lafayette, Bloomington and Mississippi R. R. Co.* v. *Winslow et al.* 66 Ill. 219, it was said: "As land and city lots have no standard value, it is right and necessary to take the opinions of witnesses, and to hear the facts upon which such opinions are founded."

The principle recognized in these cases clearly leads to this: If property has a special value, from whatever cause, that special value belongs to the owner of the property, and he is entitled to be paid it by the party seeking condemnation. In determining the value of real property in such cases, to the owner, witnesses may give their opinions, and any special circumstances upon which those opinions are founded, for what they are worth.

For the errors indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*