## MADISON Y. JOHNSON

### v.

### FREEPORT AND MISSISSIPPI RIVER RAILWAY COMPANY.

*Filed at Ottawa March 27, 1886.*

1. EMINENT DOMAIN—*proceedings against several owners—right to a separate trial and a separate appeal.* In proceedings under the Eminent Domain act, against several land owners, each separate owner may have his damages assessed before a separate jury, and is entitled to a separate appeal from the judgment rendered on the verdict.

2. SAME—*mode of reaching defects in petition.* The fact that a cross-petition, under the Eminent Domain act, avers only the evidence of title, and not any actual present title in the party filing it, and is uncertain in the description of his interest in the property, may afford ground of demurrer, but not any for dismissing the same.

3. SAME—*right of way is property, not a franchise.* A right of way for a railroad is not a corporate franchise, but is property acquired in the exercise of such franchise, and if it is sought to be condemned, the party in whom the same is vested in trust, will have the right to present his claim for compensation, and be heard in support thereof.

4. APPEAL—*what is a final order from which appeal lies.* Where a cross-petition filed by a defendant in a proceeding to condemn under the Eminent Domain act, brings before the court and states a claim of ownership or interest not stated in the original petition, is dismissed, the order of dismissal is final as to the rights claimed under it, and an appeal lies from the order of dismissal.

APPEAL from the County Court of Jo Daviess county; the Hon. W. R. ROWLEY, Judge, presiding.

Mr. MADISON Y. JOHNSON, *pro se.*

Mr. B. C. COOK, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a petition filed by appellee, in the county court of Jo Daviess county, to condemn the right of way over certain lands of various persons therein mentioned, and to condemn certain lots in Galena for depot purposes. The petition is

in the usual form, and recites that the company is organized and legally existing as a corporation under the general railroad and corporation statutes of Illinois, and that its object and purpose are to build and maintain a railroad from Freeport, in Stephenson county, to Galena, in Jo Daviess county, with a branch line to connect with the Chicago and Northwestern railway at or near Fulton, in Whiteside county. It mentions, among other pieces of property which the petitioner desires to take and appropriate, certain lots in the city of Galena owned by Ann Eliza Johnson, and alleges that her husband's name is Madison Y. Johnson. Madison Y. Johnson was made a defendant to the original petition, and duly served with process, but he is not otherwise mentioned therein, except as the husband of Ann Eliza Johnson. He is not himself alleged to be the owner of any interest therein, independent of the interest owned by his wife.

Accordingly, Madison Y. Johnson, appellant here, filed his cross-petition in said proceedings, setting up that the State of Illinois inaugurated a general system of internal improvements, and among other improvements undertook to construct a railroad from a point in Galena, along the line mentioned in the original petition, to Savanna, in Carroll county; that the State established the route of said railroad along the same lands and route mentioned in the original petition, and secured from the general government, where the land had not been sold by it, the right of way, and, where the title had been acquired by individuals, had purchased and obtained the right of way from the owners of said lands, and that the said right of way, so obtained, did absolutely vest in the State "as an absolute fee in said property;" that the State made excavations, embankments, culverts, stone work, and other necessary work along said route, described in the original petition, for its railroad, for the distance between Galena and Savanna, of about twelve miles, and took possession thereof, and built and constructed and graded the same on the line

aforesaid, and expended in the construction and for right of way, in Galena and along said line, more than $200,000, when it abandoned said system of internal improvements so adopted by it, leaving said embankments, stone work, right of way and privileges so secured to it, without completing or finishing the railroad so intended and commenced under the system so adopted by it, but retaining all rights, privileges and property so acquired under said system; that the State, by an act of the legislature, incorporated the Galena and Mississippi Intersection Railroad Company; that by the second section of said charter it is provided, amongst other things, that said corporation may appropriate to its sole use, and enter upon, take possession of, and use, all and singular, any lands, streams and materials, of any name and kind, for the location of depots, and may construct bridges, dams and embankments, spoil banks, engine houses, and other necessary buildings to preserve and maintain and continue said railroad, and "all such lands, waters, materials and privileges belonging to the State are hereby given to said corporation for said purposes," etc.; that it was further enacted, in the fifth section of said charter, that the corporation thereby created was fully authorized to consolidate with any other railroad, within the State of Illinois or elsewhere, and all the rights secured to either were thereby secured and confirmed to the consolidated company; that it was further enacted, by the sixth section of said charter, that all grants therein contained should cease and be void unless accepted by said company within ninety days after the passage of said act, it being a public act, and to be construed liberally for the purposes declared, etc.; that under said charter the company organized, subscribed stock, elected officers, and became a legal corporation, and, within the time named in its charter, certified to the Governor of the State that they accepted the charter and grants therein mentioned; that at a meeting of the directors of said company, who were the stockholders of the

company, a resolution was unanimously adopted, and spread upon the records thereof, that all the interest, with all rights, privileges and advantages secured to the Galena and Mississippi Railroad Company, under the charter granted to said company by the State, and the acceptance of the right of way, as certified to the Secretary of State, together with the charter, franchises, stock and property, and right of property of every name and kind, secured and belonging to said company, were thereby assigned unto Madison Y. Johnson, the president of said company, to be held or disposed of by him as he might deem proper for the best interests of the city; that Madison Y. Johnson made an arrangement with the Western Union Railroad Company to construct said railroad, but before constructing the same, said last named company was absorbed by the Chicago, Milwaukee and St. Paul Railroad Company; that negotiations are pending to make a transfer of said interest to the Chicago, Milwaukee and St. Paul Railroad Company. The cross-petition alleges that the right of way and road-bed therein described are public property, and can not be condemned, and the prayer of the cross-petition is, that the original petition may be dismissed for want of jurisdiction, so far as it seeks to condemn the right of way already mentioned, or to take the embankments, grading, curves and fills or superstructure, embraced and included in the lands and right of way mentioned in the original petition, or that the court may make such other orders in the premises as may seem just and proper under the law, etc. After arguments heard, the court below dismissed the cross-petition.

The appellee has filed a motion to dismiss the appeal in this court, on the ground that the order of the court below, dismissing the cross-petition, was not a final order. We think that the order of dismissal was final, and that an appeal can be taken from it. The cross-petition sets up an interest which was not mentioned in the original petition. The proceedings under the original petition could only have

reference to the lands and interests in land which were therein described.  Under the statute, the appellant was obliged to file a cross-petition in order to bring to the attention of the court a claim of ownership which was not yet before the court.  When, therefore, the cross-petition was dismissed, the new and additional interest which was thereby presented was no longer in the case,—there was no pleading under which it could be considered; hence, it follows that the dismissal of the cross-petition was a final disposition of the rights claimed under it.  In proceedings under the Eminent Domain act, each separate owner may have his damages assessed before a separate jury, and so is entitled to a separate appeal from the judgment rendered on the verdict.  Such, also, is the case where different persons have several and distinct interests in the same tract.  (*Bowman* v. *Venice and Carondelet Ry. Co.* 102 Ill. 459.)  In this very suit for condemnation two appeals have already been entertained and disposed of by this court, to-wit:   *Johnson* v. *Freeport and Mississippi River Ry. Co.* 111 Ill. 413, and *De Buol* v. *Freeport and Mississippi River Ry. Co.* id. 499.

The objections here urged by appellee to the cross-petition, that it avers only evidence of title and not any actual present title in appellant, and that it is uncertain in the description of appellant's interest, might be very proper for consideration on demurrer to the cross-petition, when filed, but form no ground for dismissing the same on motion.

It is said that appellant, as an individual, can not be the assignee of the right of way of a railroad company,—that it is a corporate franchise.  We do not understand a right of way to be in itself a corporate franchise, but that it is prop- erty acquired in the exercise of such franchise.

Appellee insists, that, granting everything stated in the cross-petition, either of fact or inference, still there is nothing in the case; that the allegation and claim of the cross-peti- tion are based upon the assumption that this right of way can

not be condemned, because it would be condemning a line of railroad longitudinally, and that there is no railroad corporation complaining here.   This might be answer sufficient if the petition rested alone upon denial of the right of condemnation.   Appellee says further:   "If it be claimed that appellant is holding this right of way for some future use of some railroad company, the answer is that it may be condemned."   This is just what appellant is claiming.   Then why may not his cross-petition be entertained to have the compensation assessed to him, if entitled to any, for the taking of the property?   Although the *gravamen* of the cross-petition is that one railroad company can not condemn the right of way and road-bed of another railroad, and it does not specifically claim or pray for the assessment of any compensation to appellant, yet, under all the averments of the cross-petition, we think there might thereunder be made assessment to appellant of any compensation to which he might be entitled.   The cross-petition avers that the petitioner files it under the eleventh section of the Eminent Domain act, wherein it is provided, "his rights shall be fully considered and determined," and the prayer is that the original petition be dismissed so far as it seeks to condemn the right of way mentioned in the petition, "or that the court may make such other orders in the premises as to the court may seem just and proper, under the law," etc.   Without intimating any opinion as regards any right of appellant, either to property or to compensation, we think he should have been allowed the opportunity to make the same appear, if he could, under his cross-petition, and that it was error to dismiss the cross-petition upon motion.

The order of dismissal of the cross-petition will be reversed, and the cause remanded.

*Judgment reversed.*