## Chicago, P. & M. R. R. Co. v. B. B. Howell.

1. DAMAGES—*Competency of Witnesses.*—A person who has knowledge of the effect which the construction of a railroad embankment will have upon the market value of property adjacent thereto, is competent to give an opinion as to such value, the weight to be given such opinions being for the jury: but the fact that such person is not able to separate and fix in detail each item of damage should not be regarded by the jury.

**Trespass on the Case.**—Damages sustained by the construction of an embankment. Appeal from the Circuit Court of Marion County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

J. H. ATTERBURY, attorney for appellant.

FRANK F. NOLEMAN and SAMUEL L. DWIGHT, attorneys for appellee.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was brought to recover damages against appellant, sustained by appellee, by reason of the construction of appellant's railroad along and upon Van Buren street, upon which appellee's property abutted. Before the construction of the railroad this street was an open and public street of the city of Kinmundy, in front of appellee's premises, occupied by himself and family, and was the usual and direct route from these premises south and eastward to the business portion of Kinmundy. Appellant constructed its road along this street in front of appellee's premises, and built an embankment and trestle work upon which to lay its track. The embankment in front of appellee's house was about eight feet high, and at the base so near his fence as to preclude the use of a wagon from his premises along said street, and said street thereby became practically useless to him as a thoroughfare. His dwelling house was forty to fifty feet from the street line, fronting the railroad, and his barn was nearer. Three gateways opened into said street on the east side of his premises, consisting of ten acres, on the north side of which premises there is a street, which had never been used for ingress or egress to or from his premises prior to the construction of said railroad. Numerous trains are being operated daily over it, and thereby great noises, smoke, dust and cinders from passing engines and trains have resulted, to the injury and annoyance of appellee and family, depriving him of the proper enjoyment of his property, and increasing the hazard from fire. The trial resulted in a verdict and judgment for appellee for $550 and costs, to reverse which this appeal was taken.

There is no claim made on behalf of appellant that appellee was not entitled to recover some damages, but the

amount recovered is said to be too large. The evidence on this point was conflicting, witnesses for appellant fixing the damages at $100 and $250. Those testifying for appellee fixed the damages at from $500 to $900. It was for the jury to reconcile this testimony and find the true measure of the damages. This they did, and we think were justified in assessing the amount awarded, by the evidence as disclosed in the record. The trial court, who saw and heard all the witnesses, approved the finding, and no reason appears for disturbing the verdict. The suggestion that because witnesses for appellee were not able to separate and fix in detail the damage for each several cause, therefore their testimony as to the total damage by the depreciation in value of the whole premises ought not to have been regarded by the jury, we do not think is entitled to much weight. Those witnesses were acquainted with the premises before and after the construction and operating of appellant's road, and while they could not tell how much damage was caused by smoke, and how much was caused by cinders, etc., they knew the value of said premises before the road was built and its market value afterward, and so testified. Any person who has knowledge of the effect which the construction of an improvement will have on the market value of property, is competent to give an opinion as to such value, the weight to be given such opinion being for the jury. Johnson et al. v. F. & M. R. R. Co., 111 Ill. 413; C. & W. I. R. R. Co. v. Ayers, 106 Ill. 511; Penn Mut. Life Ins. Co. v. Heiss, 141 Ill. 36; Pike v. Chicago, 155 Ill. 656.

We find no objection to the instructions given for appellee, nor in refusing to give certain instructions for appellant. The jury were fully and fairly instructed as to the law applicable to the facts. The court made the following remarks: " We will proceed, gentlemen, the witness is holding his own very well; proceed;" and upon the overruling of an objection to a question asked on behalf of appellant, the court said, " I don't think it objectionable on that score " (that is, because the witness should be asked the value of the lands before and after the road was built), " and the objection

will be overruled; of course the decrease in the market value of the property in question, if any, by the construction of the road, is the thing we are after." Whereupon counsel for appellant said to the court: " No, sir; that is not what we are after, and I don't want the court to tell the jury that is the question to be tried." To which the court replied: " I will conduct the court as I think it ought to be; if the counsel will treat the court gentlemanly, the court will do the same with counsel; proceed with the case." These remarks of the court are insisted to be of a character to require a reversal, but we do not concur in this view. It does not appear to us that the jury could have been influenced by either of them, and the decrease of the market value of appellee's property was the material question the jury had to determine. The reply of the court to the remarks of appellant's counsel was eminently proper.

No sufficient reason for reversal appears and the judgment is affirmed.