WILLIAM M. EDDLEMAN et al.

v.

THE UNION COUNTY TRACTION AND POWER COMPANY.

*Opinion filed October 24, 1905.*

1. APPEARANCE—*general appearance waives objection to process.* By subsequently appearing generally and contesting the case on its merits the defendants to a condemnation proceeding waive an alleged error in denying a motion to quash the service of summons upon the ground defendants had not been served with a copy of the summons as amended, the amendment having been made by leave of court after the original service had been quashed.

2. VENUE—*when change of venue is properly denied.* A change of venue in a condemnation proceeding is properly denied where part, only, of the defendants petition for the change and the petition is not sworn to by one of the two defendants signing the same.

3. TRIAL—*granting a separate trial is discretionary with trial court.* The granting of a separate trial to certain of the defendants in a condemnation case is a matter within the discretion of the trial court, and the Supreme Court will not interfere where there is nothing in the record to show the discretion was abused.

4. CONDEMNATION—*legality of corporation cannot be questioned in proceeding to condemn.* The legal existence of a corporation can only be questioned in a direct proceeding by *quo warranto,* and not in a proceeding instituted by it to condemn land.

5. SAME—*street railway company may condemn land for power house.* A street railway company has the right to condemn such private property for car barns, power houses, etc., as is necessary to render its use of the highways or streets practicable.

6. SAME—*right of purchaser pendente lite to be made a party.* Where the title to property condemned is in litigation, it is not error for the court to permit a person who purchased the interest of one of the litigants after the condemnation proceeding was begun, to be made a party to such proceeding, since his rights acquired *pendente lite* are subject only to those of the petitioner.

7. SAME—*correct practice where title to property condemned is in litigation.* Where the title to property condemned is in litigation in a pending chancery suit, it is proper for the court to instruct the jury that the money awarded by the jury as compensation should be paid into the hands of the county treasurer to abide the result of the chancery suit.

APPEAL from the County Court of Union county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

This is a proceeding, commenced before the county judge of Union county in vacation on December 30, 1904, by the appellee company to condemn two parcels of land in the city of Anna, in order to establish thereon car barns and a power house. An amended petition was filed on January 6, 1905, and the parties defendant to the petition, as originally filed and as subsequently amended, were the appellants, William Eddleman and Dora E. Eddleman, and George W. Smith, and Edgar Mohler, and William Bruchhauser, Jr., but the petition was subsequently dismissed as to Smith and Mohler. A cross-petition was filed by the appellants, William M. and Dora E. Eddleman, on January 31, 1905. The cause was tried on January 31, 1905, and on February 3, 4, 6 and 7, 1905. The jury rendered their verdicts on February 7, 1905. As to the first piece of property, called the creamery property, the jury found the fair cash market value thereof on January 9, 1905, to be $1400.00, and assessed the same to the appellant, William M. Eddleman; and they found, as to the second piece of property, called the Trent property, containing one acre, that the fair cash market value of the same on January 9, 1905, was $800.00, and assessed the same to the appellant, Dora E. Eddleman, and one Arnaud A. Fasig. Motion for new trial was overruled, and judgment was entered. By the judgment it was ordered and adjudged by the court that the petitioner, the appellee company, should enter upon and take the property, known as the creamery property, being one acre more or less, upon the payment to the defendant, William M. Eddleman, of the full compensation as ascertained by the jury, being the sum of $1400.00, said sum to be paid on or before March 7, 1905; and that the petitioner should enter upon and take the property, known as the Trent property, containing one acre, upon the payment of the full compensation as ascertained therefor by the jury, being

the sum of $800.00, to the county treasurer of the county of Union, said sum to be paid on or before March 7, 1905; "which said sum shall be held and paid out by said county treasurer upon the order and decree of the circuit court of the county of Union and State aforesaid, finding to whom said sum of money shall be paid, and ordering the payment of the same in a certain cause now pending in said court on the chancery side thereof, being general number 5722, entitled a bill to redeem, filed therein on the first day of November, 1901, wherein George W. Smith is complainant, and Ida M. Browning, and others, are defendants; to the action of the court in rendering said judgment the defendants William M. Eddleman and Dora E. Eddleman then and there except." This appeal is prosecuted from the judgment so entered.

TAYLOR DODD, and DAVID W. KARRAKER, for appellants.

A. NEY SESSIONS, and JAMES LINGLE, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The province of the jury in this condemnation proceeding was to ascertain the value of the property to be taken, amounting to about two acres altogether, and to award the compensation therefor to the owners of the property. As we understand the argument of the appellants, they do not complain that the award is not sufficient compensation. It is not claimed that the sum of $1400.00, awarded as compensation for the creamery property, is not just and fair; nor is it claimed that the sum of $800.00, awarded as compensation for the Trent property, is not just and fair. It is not shown that the admission or rejection of any evidence in any way erroneously affected the amount of compensation awarded. But the record bristles with motions; and some objections are made to some of the instructions given and refused.

*First*—The appellants moved the court to quash the summons, and the service thereof, because of an alleged variance

between the name of the petitioner in the petition and in the summons, which motion was overruled; whereupon the appellant, William M. Eddleman, moved to quash the service of the summons, which motion was sustained, the appellants limiting their appearance to the purpose only of the motion to quash. Thereupon the appellee, petitioner below, entered a cross-motion to amend, which was granted. In the summons, as originally issued, the defendants were required to answer unto the "Union County Praction and Power Company;" and the variance was the use of the word "Praction" instead of the word "Traction." After the amendment was made by changing the name from praction to traction, so as to make the name in the summons agree with that in the petition, appellants moved to quash the service of the summons, for the reason that they had not been served with a copy of the summons as amended. This motion was overruled. There was no error committed by the court in this regard, because there was subsequently a general appearance by the appellants and a contest by them in regard to the merits of the case. In *Hercules Iron Works* v. *Elgin, Joliet and Eastern Railway Co.* 141 Ill. 491, which was a proceeding to condemn a part of defendant's land for a railroad right of way, it was said (p. 495) : "A special appearance was entered, and motion made to quash the summons and return, which was overruled and exception taken. The point has been waived by the subsequent entry of general appearance and defending upon the merits. * * * Subsequently, by stipulation of the parties leave was given the railway company to amend the original petition, * * * and finally appellant not only appeared and defended generally, but filed its cross-petition, invoking the aid of the court in its behalf. Any objection to the original process, or its service upon appellant, has been waived."

*Second*—On January 30, 1905, the appellants filed a petition for a change of venue upon the alleged ground that the judge was prejudiced against them, which motion was over-

ruled and exception taken to the order overruling the same. The application for change of venue was properly refused, because all of the defendants below did not join in the same, as is required by the statute. Section 9 of the statute in regard to venue provides that, when there are two or more defendants, a change of venue shall not be granted, unless the application is made by or with the consent of all the parties defendant; and there is a proviso that, in proceedings for condemnation when the application is by all the owners of any parcel of property to be condemned, a change of venue may be made of so much of the case as affects them, if it can be done without prejudice to the other defendants in the proceeding. Section 3 of the Venue act provides that every application for a change of venue shall be by a petition, setting forth the cause of the application, and praying for a change of venue, which petition shall be verified by the affidavit of the applicant. As will appear from the statement of facts preceding this opinion, there were several other defendants in the court below—to say nothing about Arnaud A. Fasig— besides the appellants, William M. and Dora E. Eddleman. The appellants, William M. and Dora E. Eddleman, were the only defendants making the application for a change of venue, which was not joined in by either or any of the other defendants; and, in addition to this, the petition for a change of venue, although signed by William M. and Dora E. Eddleman, was not sworn to by Dora E. Eddleman. Dora E. Eddleman, as well as William M. Eddleman, was an applicant for the change of venue, but the petition was not verified by her affidavit, although the defendants themselves introduced in evidence a deed, dated November 1, 1901, executed by Ida M. Browning and her husband, conveying the Trent property to the said Dora E. Eddleman.

*Third*—On January 31, 1905, the appellants moved and petitioned the court for a separate trial from the other defendants. This motion was overruled, but the court committed no error by doing so for the reason that the matter

of granting a separate trial was within the discretion of the court, and we see nothing in the record to indicate that there was any abuse of this discretion. In *Johnson* v. *Freeport and Mississippi River Railway Co.* 116 Ill. 521, we said (p. 525): "In proceedings under the Eminent Domain act, each separate owner may have his damages assessed before a separate jury, and so is entitled to a separate appeal from the judgment rendered on the verdict. Such, also, is the case where different persons have several and distinct interests in the same tract." We have also held that whether or not a separate trial shall be allowed in cases of this character is discretionary with the court, and that, in the absence of anything to show an abuse of that discretion in refusing a separate trial, the action of the court below will not be interfered with. (*Concordia Cemetery Ass.* v. *Minnesota and Northwestern Railroad Co.* 121 Ill. 199; *Braun* v. *Metropolitan West Side Elevated Railroad Co.* 166 id. 434). There is nothing in the present record to indicate that the appellants did not have as full, fair and adequate a hearing together with the other parties to the proceeding, as they could have had in a separate trial, and accordingly there was no abuse of the court's discretion.

*Fourth*—On January 30, 1905, the appellants made a motion to dismiss the petition, assigning some half-dozen reasons in support of said motion. Several of these reasons make the charge that the appellee company was an illegal corporation, having a void charter, and attempting to exercise powers not granted to it. The motion to dismiss, so far as it was based upon these reasons, was properly overruled, because the legality of the formation of a corporation can only be tested, and the question whether it is attempting to exercise unlawful powers can only be determined, in a direct proceeding by writ of *quo warranto*. We have held in a number of cases that an attempt cannot be made to defeat a collateral proceeding by showing that the corporation, instituting that proceeding, was not legally organized, and that the legality

of the organization of the corporation can only be attacked and judicially examined in a direct proceeding by *quo warranto*. (*Lees* v. *Drainage Comrs.* 125 Ill. 47; *Osborn* v. *People,* 103 id. 224; *Blake* v. *People,* 109 id. 504; *Renwick* v. *Hall,* 84 id. 162).

One of the reasons assigned in support of the motion to dismiss the petition was that the lands sought to be condemned were not necessary for the use of appellee. This was a question of fact, submitted to the court to be determined by matters appearing *dehors* the record, by the action of both parties. The appellants submitted to the court an affidavit, made by William M. Eddleman, simply stating that the lands sought to be condemned were not necessary and indispensable for the use of the petitioner for the purposes stated in the petition, without giving any reasons why they were not necessary. Affidavits, tending to show that the condemnation of the lands was necessary, were filed and presented by the appellee company. After such affidavits were presented to the court, and the question of the necessity of the condemnation of the lands had been argued, the court permitted the appellee company to introduce certain oral testimony, and also certain documentary evidence, consisting of the articles of incorporation of the appellee company, and certain ordinances under which authority was given to the company to lay down its tracks in the streets of the cities of Anna and Jonesboro; and it is contended by the appellants that the court erred in not deciding the case upon the affidavits only, and in permitting additional testimony to be introduced. This was a matter, which was within the discretion of the court, and the court, after hearing the additional evidence introduced by the appellee company, offered to the defendants the privilege of introducing any further evidence upon the subject, which they might desire, but the defendants declined to do so. We are unable to see that the defendants were injured in any way by this action of the court. If all the testimony and affidavits, including the affidavits and the additional evidence,

be considered, it cannot be said that the necessity for the condemnation of the property in question was not established. The bill of exceptions in this case does not recite that it contains all the evidence, which was introduced. Where the certificate of evidence or bill of exceptions does not purport to preserve all the evidence, it must be presumed that there was sufficient evidence to sustain the findings of fact, made by the court. (*Allen* v. *Henn*, 197 Ill. 486, and cases referred to).

Another reason, assigned for the motion to dismiss, was that the appellee company made no effort to agree with the appellants upon the price of the land sought to be condemned. The petition in a condemnation case must not fail to show an inability to agree with the land owner as to the compensation to be paid. In the case at bar, the appellant, William M. Eddleman, claimed to own one piece of property, and his wife, Dora E., claimed to own the other. He was the agent of his wife in reference to her property. The proof shows quite conclusively that the appellee company attempted to settle with appellant, William M. Eddleman, acting for himself and his wife, and failed to procure a settlement or an agreement as to the compensation to be paid for the property. The fact, if it is a fact, that offers are not shown to have been made to settle with the other defendants, whose title the appellants are disputing, is a matter about which the appellants are not entitled to complain. The petitioner below, the appellee company here, was unable to agree with the present appellants, and we think that the petition sufficiently alleges that fact, and that the proof sufficiently establishes it. (*Reed* v. *Ohio and Mississippi Railway Co.* 126 Ill. 48).

Another reason, assigned in support of the motion to dismiss, is that the appellee corporation had no right to condemn the property in question for the purposes, for which it was sought to be condemned, that is to say, for car barns and a power house to be used in connection with appellee's railroad, as laid in the public streets. This question has been settled by the cases of *Harvey* v. *Aurora and Geneva Railway Co.* 174

Ill. 295, *Aurora and Geneva Railway Co.* v. *Harvey,* 178 id.
477, *Dewey* v. *Chicago and Milwaukee Electric Railway Co.*
184 id. 426, and *Harvey* v. *Aurora and Geneva Railway Co.*
186 id. 283. In these cases it has been held that the right of
a street railway company to diverge from the highway and
go upon private property depends upon the necessities of
construction as a question of fact, and that a street railway
company, under the Horse and Dummy Railroad act of
1874, may condemn such private property as is necessary for
side-tracks, station grounds, power houses, switches or turn-
outs, necessary to render the use of the highway or street
practicable and efficient.

*Fifth*—On January 30, 1905, Arnaud A. Fasig filed a
petition asking to be made a party defendant to the proceed-
ing, and the prayer of the petition was allowed. Appellants
complain that in thus permitting Fasig to be made a defend-
ant the court committed error.

It appears from the evidence that on January 17, 1905,
George W. Smith and wife of Missouri conveyed to Arnaud
A. Fasig, all their interest in the premises known as the
Trent property. The quit-claim deed, so executed by Smith
and wife to Fasig, was introduced in evidence by the latter.
It also appears from the evidence that, on November 1, 1900,
said George W. Smith was the owner of the Trent property,
and on that day made a deed, conveying the property for an
expressed consideration of $280.00 to the Anna Building
and Loan Association of the city of Anna; that, on the 28th
day of January, 1901, the Anna Building and Loan Associa-
tion conveyed the property by a quit-claim deed to Ida M.
Browning of the city of Anna; and that, on the first day of
November, 1901, Ida M. Browning and her husband, for an
expressed consideration of $400.00, conveyed the property
by quit-claim deed to Dora E. Eddleman. The last three
named deeds were introduced in evidence by the appellants.
There is evidence tending to show that the deed from Smith
to the building and loan association, although absolute on its

217–27

face, was in reality a mortgage to secure an indebtedness of $280.00, and that, subsequently, having borrowed from Ida M. Browning and her husband said sum of $280.00 and paid the debt to the building and loan association, he caused the association to make Ida M. Browning a deed to secure the money borrowed from her, and at the same time caused a policy of fire insurance upon the property to be assigned to her; that the said deed from the loan association to Ida M. Browning was a mere mortgage, although absolute on its face; that Ida M. Browning went into possession of the premises on January 28, 1901, and continued in possession until February 15, 1901, when the residence thereon was burned, and the insurance company paid to Mrs. Browning $300.00, which was sufficient to pay the sum of $280.00 and interest; that Smith, on March 10, 1901, demanded of Browning a re-conveyance of the premises, which was refused on the ground that there was still due $18.89, which sum Smith tendered to Browning, but the latter refused to receive the same or make the deed. A bill was filed by George W. Smith against Ida M. Browning in the circuit court of Union county, setting up the facts hereinbefore stated, and asking that Smith be allowed to redeem the property, and that Browning and wife be required to make him a deed. Dora E. Eddleman was made a party defendant to this chancery proceeding, and came in and answered, and claimed that she held a deed from the Brownings, and had no knowledge that the deeds from Smith to the association, and from the association to Mrs. Browning, were mere mortgages. The chancery cause was referred to a master, who made a report, sustaining the allegations of Smith's bill and his right to redeem the property.

At the time of the trial of the present condemnation proceeding the chancery suit of Smith against Browning was still pending in the circuit court and undecided, although the master's report had been filed, as above stated. The proceedings in the chancery suit were introduced in evidence by the

defendants upon the trial below. It thus appears that the title to the property was in litigation, and that a contest was going on between Smith and Dora E. Eddleman as to whether the latter was entitled to hold the property free from Smith's right of redemption. Under this state of facts, Smith conveyed his interest to Fasig. The matter of the title, therefore, was in conflict as between Mrs. Eddleman on the one side and Fasig, as grantee of Smith, on the other. One of the instructions, given in behalf of the appellee to the jury, called the attention of the jury to the fact, that the title was thus in dispute and was to be determined finally by the circuit court, where the chancery suit was pending. And the jury were instructed that, when they should reach a verdict as to the fair, cash market value of the property known as the Trent property, they were to award the value of the same to the defendants, Fasig and Dora E. Eddleman. The jury found the value of the Trent property to be $800.00, and assessed it to Dora E. Eddleman and Arnaud A. Fasig. The judgment of the court, giving the petitioner the right to enter upon and take the Trent property, required it to pay the compensation of $800.00 to the county treasurer of Union county to be held and paid out by the county treasurer upon the order and decree of the circuit court, finding to whom the money should be paid, etc.

It is said by the appellants that Fasig should not have been made a party defendant, because he did not own any part of the premises sought to be condemned at the time of the filing of the petition to condemn, and that whatever interest he had at the time of the trial he acquired by the deed from Smith after the commencement of the condemnation proceeding. It is said that the damages are to be assessed as of the time of the filing of the petition, and only in favor of the party, who is then owner of the premises, and that, consequently, Fasig cannot claim damages, and is not entitled to receive the same. It is true that the compensation to be paid by the petitioner must be fixed by the valuation of

the property taken at the date of the filing of the petition. It
follows from this that rights, acquired by third persons after
that date, are acquired *pendente lite,* and are subordinate to
the rights of the petitioner, so that such third persons, espe-
cially if they be tenants, cannot recover for improvements
placed upon the premises after the filing of the petition.
(*Chicago, Evanston and Lake Superior Railroad Co.* v.
*Catholic Bishop,* 119 Ill. 525; *Concordia Cemetery Ass.*
v. *Minnesota and Northwestern Railroad Co.* 121 id. 199;
*Schreiber* v. *Chicago and Evanston Railroad Co.* 115 id.
340). Fasig would certainly be entitled to be paid for the
Trent property, even though he did receive a deed for it after
the filing of the petition for condemnation. His land could
not be taken from him without compensating him for it.
The authorities cited only hold that his rights, having been
acquired *pendente lite,* are subject to the rights of the peti-
tioner seeking condemnation. The case of *Wabash, St. Louis
and Pacific Railway Co.* v. *McDougall,* 118 Ill. 229, referred
to by counsel for appellants, holds that damages for the tak-
ing and injury to land belong to the owner at the time of the
injury and do not pass.to a subsequent vendee, but that was a
case where the question involved related to damages to prop-
erty not taken by reason of the construction of the railroad.
The purchaser was compensated for the damage of the rail-
road in the reduced price paid for the land because of the
railroad being upon it. This, however, does not militate
against the right of a purchaser *pendente lite* to be paid for
his property when it is taken from him, whether he bought it
before the condemnation proceeding was begun, or while it
was being prosecuted. There was no error in making Fasig
a party defendant for the reason thus insisted upon.

*Sixth*—Nor can it be said that any instruction was given
to the jury, which required them to pass upon the title to the
property. The only thing, which the jury were required to
determine, was the value of the property taken or damaged at
the time of the filing of the petition. The question of title

was for the court to decide. The instructions of the court, as well as the judgment entered by the court, proceeded upon the theory that, inasmuch as there was a dispute as to the title and a pending proceeding in chancery in another court to determine the title, the money, awarded by the jury as compensation, should be paid into the hands of the county treasurer to abide the result of the chancery suit as to the title, and to be paid over to the party, who should be held in that suit to be the owner of the property. The jury confined themselves to their own province of determining the value of the property, and there is no question of the correctness of their finding in this respect. Their attention was merely called to the fact of an existing dispute as to the title, so that they might not award the compensation to either party to such dispute. There was no possible harm done to the rights of the appellants in this matter. If the chancery suit results in finding that Mrs. Eddleman is the owner of the property, she will get the $800.00; but if the chancery court holds that Fasig is entitled to the property, then he will get the $800.00. It was not the province of the county court in the condemnation proceeding to pass upon the question of title, especially as it was already in the hands of a court of superior jurisdiction. In *McCormick* v. *West Chicago Park Comrs.* 118 Ill. 655, it was held that, under a similar state of facts to that here existing, it was proper that the compensation awarded should be paid to the county treasurer. In *Chicago West Division Railway Co.* v. *Metropolitan West Side Elevated Railroad Co.* 152 Ill. 519, it was said (p. 524): "The jury in this case did not disregard the law, but, as has been seen, by the verdict compensation was allowed for the premises taken. * * * While the amount of compensation, which should be paid for property taken, may, as a general rule, be determined without much difficulty, yet where there is a conflict in the title, and the title is claimed by different persons, or where there may be different estates held by different persons in the property, it may be, and often is, a subject at-

tended with difficulty to determine to whom the compensation should be awarded. If an error has been committed here the error was not a failure to award compensation for the property taken, as that was done." We are of the opinion that there was no error committed by the court in permitting the evidence to be introduced showing the condition of the title or in the instructions given to the jury in relation thereto. The deeds from Smith to the building and loan association, and from the latter to Mrs. Browning, and from her and her husband to the appellant, Dora E. Eddleman, were introduced by the appellants themselves.

What has already been said answers the objections made by appellants to the action of the court in refusing to give instructions, numbered 2 and 3 asked by the appellants. Instruction numbered 2, asked by the appellants and refused, required the jury to find that the title of Dora E. Eddleman was older and better than the title of Fasig. This instruction, if given, would have required the jury to pass upon the title, and this is the very defect, which appellants criticise in one of the instructions given for the appellee in relation to title, though, as has already been stated, the instruction did not, as matter of fact, require the jury to pass upon the title, but merely called their attention to the fact of a dispute in regard to it.

*Seventh*—Some complaint is made that the court permitted the petition to be amended as to the description of the Trent property after the return of the verdict. But there was no amendment of the description in any material particular, which affected the validity of the verdict, or the material finding of the jury as embodied therein. The description of the property in the verdict and the description of the property in the petition, after the latter was amended, were the same in all essential particulars, and both the description in the verdict and the description in the petition, as amended, were sufficient to identify beyond question the Trent property. The action of the court in this regard was not men-

tioned in the reasons assigned in support of the motion for new trial, nor does the bill of exceptions show that any exception was taken to the action of the court in this regard.

Some other objections are urged by the appellants, but are not of sufficient importance to deserve notice.

After a careful examination of the record we see no reason for reversing the judgment entered by the court below. Accordingly, the judgment of the county court is affirmed.

*Judgment affirmed.*