## BENNETT v. GULF, C. & S. F. RY. CO.

(Court of Civil Appeals of Texas. Austin. March 27, 1912.)

CONSTITUTIONAL LAW (§ 303*)—RAILROADS (§ 102*)—DUE PROCESS OF LAW—DEPRIVATION OF PROPERTY — PRIVATE RAILROAD CROSSINGS.

Act March 23, 1887 (Rev. St. 1895, arts. 4427–4433), which requires the construction of private crossings every 1½ miles along the line of a railroad, to be made at such times and places as may be demanded by any two or more citizens who either live or own land within five miles of the place where the crossing is demanded, and imposes a penalty of $500 for each month's failure to comply with the demand, is invalid as attempting to deprive the railroad of its property without due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 863–866; Dec. Dig. § 303;* Railroads, Dec. Dig. § 102.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by P. B. Bennett against the Gulf, Colorado & Santa Fé Railway Company. From a judgment of dismissal, plaintiff appeals. Affirmed.

A. K. Burgess and C. E. Dubois, of San Angelo, for appellant. Terry, Cavin & Mills, of Galveston, Joseph Spence, Jr., of San Angelo, and Lee & Lomax, of Ft. Worth, for appellee.

RICE, J. Appellant brought this suit against appellee to recover a penalty of $1,000, denounced by article 4433 of the Revised Civil Statutes, on account of its failure, for more than two months, to establish a crossing, after written demand made therefor, at a point on its line of railway in Tom Green county within 1½ miles of where the same intersects the west boundary line of survey No. 4 of the Tom Green county school land, alleging that he and more than four others who owned land within five miles of said point of intersection had theretofore, to wit, on the 25th day of June, 1909, demanded, in writing, that such crossing be so established; that such line of railway was then and is now fenced; and that there is not now and was not then a crossing within 1½ miles of such point for horses, cattle, and vehicles. It is further alleged that appellee had secured its right of way after the passage of the act of 1887, imposing upon it the duty of establishing crossings when so demanded.

In addition to a general demurrer, appellee interposed a special exception to the effect that the act of 1887 (which is incorporated in the Revised Statutes as articles 4427 to 4433, inclusive), imposing penalties upon railroad companies for failure to place crossings on their lines of railway on written demand of parties owning land within five miles of the place where such crossing was demanded, was contrary to the Constitution of Texas

and the United States, and void and of no effect, in that it seeks to deprive the appellee of its property without making due compensation to it, as required by said Constitution, and seeks to take defendant's property without due process of law.

The court sustained said general demurrer and special exceptions, and, plaintiff declining to amend, the case was dismissed, from which judgment of dismissal this appeal is prosecuted.

Article 4427, R. S., provides that all railway corporations in this state which have or may hereafter fence their right of way may be required to make openings or crossings through their fence and over their roadbed along their right of way every 1½ miles thereof, provided that if such fence shall divide any inclosure that at least one opening shall be made therein within such inclosure.

Article 4429 provides that such crossing shall be made at such times and places as may be demanded by any two or more citizens of this state who either live or own land within five miles of the place where such crossing may be demanded.

Article 4430 provides that such demand shall be made in writing of the nearest local agent of such company to the place where such crossing is demanded, and shall state when and where the same is desired; and article 4431 provides that no company shall be required to complete such crossing that may be demanded in a shorter time than 30 days from the day on which such demand is first made; nor shall they be required to make any crossings where they have already left such crossings in each 1½ miles of their road, except inside of inclosures, as provided in article 4427.

Article 4433 provides that any railway company refusing to comply with such requirements, after demand is made, shall pay to the persons who make such demand each the sum of $500 for each and every month they shall so fail or refuse to comply with such demand, the same to be recovered by suit in any court of this state having jurisdiction of the amount.

In Gulf, Colorado & Santa Fé Railway Co. v. Ellis, 70 Tex. 307, 7 S. W. 722, Chief Justice Gaines, in commenting upon this statute, says: "The statute seems to have two objects, one to benefit the owner of inclosed land, and the other to promote convenience of the public in passing from one part of a neighborhood to another over uninclosed land, where there are no public roads. The public can have no interest in a crossing within the inclosure of a private individual. The right of a railroad company to the unobstructed use of its way is property, and not a mere franchise. Johnson v. Railway Co., 116 Ill. 521, 6 N. E. 211. Admitting, then, that the object of the statute in providing for crossings outside of inclosures is

to subserve a public use, the question then arises: Can the way of a railroad company be appropriated in the manner provided in the statute, and without compensation to the company? The Constitution leaves the manner in which highways may be established, and public property taken for that purpose, to the wisdom of the Legislature, subject, however, as we think, to certain fundamental principles. Our Legislature has delegated the authority to open public roads to the body known to the Constitution as the commissioners' court. It may be that it had power to confer this authority upon some other board of officers to be duly elected or appointed and qualified. But that it cannot authorize any two or more of the citizens of the state arbitrarily to exercise this power is too clear for argument."

After citing and commenting upon Rhine v. City of McKinney, 53 Tex. 354, the Chief Justice further says: "The effect of the provision in this case is to enable any two citizens owning land or residing within five miles of a point on a railroad, within a mile and a half of which there is no crossing, though actuated solely by selfish or malicious motives, to require the company to establish a public way across its track, notwithstanding such way has no connection with any other way over which the public has the right to pass. As a result of such an exercise of power, it might occur that after the company had made the crossing and incurred the consequent expense of adjusting their fence and erecting cattle guards the owner of the land upon either side would fence his premises, and thereby render the opening across the track useless for any purpose. This can hardly be deemed an extreme case or an improbable occurrence, and seems to illustrate the arbitrary character of the provision of the statute now under consideration. The statutes have conferred upon the commissioners' courts the power to establish public roads of the first, second, and third classes, to be maintained by the public (Rev. Stat. arts. 4361 to 4364), and also neighborhood roads, which are not required to be worked by the road hands (Rev. Stat. arts. 4377 to 4386); and these would seem sufficient to meet all necessary wants of the public. If not, additional authority could properly be conferred upon that court. For the reasons stated, we are of opinion that this provision cannot be sustained upon the ground that it is for the benefit of the public; and it is not necessary for us to decide whether the Legislature can authorize the establishment of a highway across a railroad track, without making compensation for the burden thereby imposed."

We think this case is decisive of the question here raised, and hold that the court properly sustained the demurrer, for which reason the judgment of the court below must be affirmed; and it is so ordered.

Affirmed.